## COMMONWEALTH *vs.* JOSEPH P. WHELAN.

Suffolk.    January 12. — 15, 1883.    FIELD & W. ALLEN, JJ., absent.

At the trial of a complaint for an unlawful sale of intoxicating liquors, it appeared that the building in which the sale was made was bounded on one side by C. Street and on another side by S. Street, the two streets intersecting each other at the corner of the building; that the only entrance to the building and the only windows of the premises were on C. Street, the entrance being numbered "28 C. Street;" that a former entrance and a former window on S. Street had been permanently closed by boarding up, to meet the requirements of the authorities in granting a license to the defendant; that upon the wall of the building on S. Street there were two signs on which the defendant's name appeared, and upon the same wall a sign on which were the words, "Entrance 28 C. Street;" and that the whole building was within four hundred feet of a building on S. Street, then occupied by a public school. *Held*, that the defendant's building was on S. Street, within the meaning of the St. of 1882, *c.* 220.

At the trial of a complaint for an unlawful sale of intoxicating liquors, the government contended that the place in which the sale was made was within four hundred feet of a building on the same street, then occupied by a public school. The superintendent of public buildings testified that he had charge of said building, and had repaired the same under appropriations for public schools by the school board of the city; that he had seen schools in session there, but had no further personal knowledge that it was a public school. The superintendent of schools testified that said building was occupied by a certain primary school, and that it was under his charge as such superintendent; and that he had no personal knowledge of its establishment as a public school. The clerk of the school board produced a printed manual of all the public schools in the city, which he testified was issued by him under the direction of the school board; and produced from the records of said board the order for its preparation by him, and stated that this was the manual prepared under that order. The manual was then admitted in evidence, by which it appeared that said primary

school was a public school, and located in said building. *Held,* that all the evidence was competent, and was sufficient to prove that the building was in fact occupied by a public school, within the St. of 1882, *c.* 220.

A license to sell intoxicating liquors, granted to a person whose premises are within four hundred feet of a building on the same street occupied by a public school, is void, under the St. of 1882, *c.* 220.

A complaint for an unlawful sale of intoxicating liquors is sustained by proof of an unlawful sale of lager beer, under the Pub. Sts. *c.* 100, § 27.

COMPLAINT to the Municipal Court of Boston, charging the defendant, on September 18, 1882, at Boston, with an unlawful sale of intoxicating liquors to a man whose name was unknown to the complainant. Trial in the Superior Court, before *Mason,* J., who allowed a bill of exceptions, in substance as follows:

The evidence showed that the defendant made a sale of lager beer to a man unknown, at the time alleged in the complaint, in a building bounded on one side by Chapman Street and on another side by Shawmut Avenue in Boston, the two streets intersecting each other at the corner of the building; that the only entrance to the building, and the only windows of the defendant's premises, were on Chapman Street, the entrance being numbered 28 Chapman Street; that a former entrance, and a former window, on Shawmut Avenue, had been permanently closed by boarding up; that upon the wall of the building on Shawmut Avenue there were two metallic signs on which were the words, " Whelan's Family Wine Store," and upon the same wall a paper sign on which were the words, " Entrance 28 Chapman Street;" that the bar on the defendant's premises was on the left-hand side of the entrance from Chapman Street, and in that portion farthest removed from Shawmut Avenue; and that the whole of said building was within four hundred feet of a building on Shawmut Avenue, which the government contended was then occupied by a public school.

To show that said building was so occupied by a public school, the government introduced the evidence of the superintendent of public buildings in Boston, who testified that he had been superintendent for eighteen years; that he had charge of said building, and had repaired the same under appropriations for public schools by the school board of said city; that he had seen schools in session there, but had no further personal knowledge that it was a public school. The superintendent of schools in

Boston testified that said building was occupied by the Wait Primary School, and that it was under his charge as such superintendent; and that he had no personal knowledge of its establishment as a public school. The clerk of the school board of said city produced a printed manual of all the public schools in the city, which he testified was issued by him under the direction of the school board; and produced from the records of said board the order for its preparation by him, and stated that this was the manual prepared under that order. The manual was then offered in evidence, and admitted; to which admission the defendant excepted. It appeared by the manual that the Wait Primary School was a public school in Boston, and located in said building.

To all the foregoing testimony tending to show the character of said school, the defendant objected, contending that the only competent evidence that it was then a public school was a record of the city council of a vote establishing said school. It was admitted that there was no building on Chapman Street occupied by a public school.

The defendant held a license of the first class to sell liquors in his said premises at 28 Chapman Street, which was put in evidence.

The entrance and window of the defendant's premises on Shawmut Avenue were closed by the defendant prior to the issue of said license, to meet the requirements of the police commissioners of said city in relation to such license.

The defendant made several requests for rulings, which the judge declined to give; but instructed the jury that, upon the uncontroverted facts that the building occupied by the defendant was bounded on one side by Chapman Street and on another side by Shawmut Avenue, the two streets intersecting each other at the corner of said building, the only entrance to said building, and the only windows of the defendant's premises being on Chapman Street, and that a former entrance and a former window on Shawmut Avenue had been permanently closed by boarding up, that upon the wall of the building on Shawmut Avenue there were two metallic signs, on which were the words, " Whelan's Family Wine Store," and that upon the same wall there was a paper sign on which were the words, " Entrance

28 Chapman Street," the building was on Shawmut Avenue, as well as on Chapman Street, within the meaning of the statute; that the government must prove beyond a reasonable doubt that the defendant made an illegal sale of intoxicating liquors; and that if the jury found that the building on Shawmut Avenue, which was admitted to be within four hundred feet of the defendant's premises, was occupied by a public school at the time the defendant's license was granted, then the license was void, and furnished no authority for the sale of intoxicating liquors on the defendant's premises; and, if any sale was made in said building, such sale was illegal.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. A. Alger*, for the defendant.

*G. Marston*, Attorney General, (*C. H. Barrows*, Assistant Attorney General, with him,) for the Commonwealth.

COLBURN, J. The principal question presented in this case is, whether the building described in the exceptions and in the license was, under the facts in evidence, on Shawmut Avenue, within the meaning of the St. of 1882, *c.* 220. This building was situated at one of the corners of Shawmut Avenue and Chapman Street, bounding upon both streets, and having a door and window, or windows, upon each street, though during the time covered by the license the door and window on Shawmut Avenue were permanently closed by boarding. Before the door and window were boarded up, it could not be questioned that the building was situated on Shawmut Avenue, as well as on Chapman Street. It cannot with any propriety be held that, by boarding up the door and window upon one street, the situation of the building was so changed that it ceased to be on that street.

The fact that the door and window were boarded up to meet the requirements of the police commissioners in relation to the license, can have no effect in this case; the commissioners had no authority to determine, as against the Commonwealth, that the building was situated on one street, rather than on the other, or what facts should fix its situation, within the meaning of the statute. Indeed, it is not apparent that the defendant would have violated the condition of his license, requiring him "to

close permanently all entrances to the licensed premises, other than those from the public street, or streets, upon which such premises are situated," if, as soon as he received his license, he had taken down the boarding and opened the door and window on Shawmut Avenue. The fact that the building is described as No. 28 Chapman Street did not change its situation; it might as properly have been described by its number on Shawmut Avenue. We do not intend now to decide that, in all cases which may arise, a building, some part of which is on a street upon which there is a public school, is on such street within the meaning of the statute; it is sufficient to decide that the building in this case was, within the meaning of the statute, on Shawmut Avenue.

The question is raised whether the evidence introduced was competent and sufficient to show that the building on Shawmut Avenue, which was proved to be within four hundred feet of all parts of the defendant's premises, was occupied in whole or in part by a public school.

We are of opinion that all the evidence offered upon this subject, including the printed manual prepared under the direction of the school board of the city, was competent, and that it was sufficient, if not conclusive, to prove that the building was in fact occupied by a public school, under the control of the school board of the city; and proof of a public school in fact was all that the statute required.

The defendant's building being on Shawmut Avenue, and a building on that street within four hundred feet of the defendant's building being occupied by a public school, the police commissioners were forbidden by the St. of 1882, c. 220, to grant to the defendant a license of the first class to sell intoxicating liquors in his building, and the license issued was void.

To sustain the complaint against the defendant, it was only necessary for the government to prove that he made a sale of lager beer to a man whose name was unknown to the complainant, lager beer being declared to be an intoxicating liquor. Pub. Sts. c. 100, § 27. The defendant, claiming to justify under a license, was required to prove it; Pub. Sts. c. 214, § 12; and this he did *prima facie* by the production of his license; but when it appeared, by the facts proved in the case, that no

license could legally be granted for the sale of intoxicating liquor in the building described in his license, his justification failed, and his sale was illegal.

The rulings of the Superior Court were right.

*Exceptions overruled.*