COMMONWEALTH *vs.* EBENEZER S. SAWTELLE.

Middlesex.    November 25, 1889. — December 31, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — License — Screen — Appeal — Evidence.*

Under the Pub. Sts. c. 100, § 12, as amended by the St. of 1882, c. 259, the maintaining, by a person licensed to sell intoxicating liquors, upon the licensed premises, of a painted glass window which interferes with the view of the interior of the premises, or of the business conducted thereon, avoids the license, although such window existed there when the license was granted.

At the trial, on appeal, of a complaint for keeping a common nuisance, evidence tending to prove that offence is admissible, although it is different from that upon which the defendant was convicted in the court below.

COMPLAINT to a trial justice for keeping and maintaining a common nuisance, to wit, a tenement in Hudson, used for the illegal sale and illegal keeping for sale of intoxicating liquors, from August 1, 1888, to January 31, 1889.

At the trial in the Superior Court, on appeal, before *Thompson*, J., it appeared in evidence that the defendant had a fourth class license, granted by the selectmen of the town of Hudson, for the year beginning May 1, 1888. Evidence was offered

tending to show that some of the panes of glass in the window in the rear of the licensed premises were painted; and that there had been no change since May 1, 1888, or during all the period covered by the license, except that one pane of glass, which was painted long before the license was granted, had been broken and replaced by a pane of clear glass.

There was evidence, which was not contradicted, that at the trial before the trial justice there was no issue or evidence as to any violation of the license by placing any obstruction to the view of the interior of the premises, or in the carrying on of the business therein. The defendant asked the judge to rule that the evidence offered was therefore not admissible; but the judge refused so to rule, and admitted the evidence, and further ruled that any obstruction, such as painted glass, which would in any material manner obstruct the view of the interior of the licensed premises, or of the business carried on there, kept or maintained by the defendant during any portion of the time covered by the license, whether placed there before or after the granting of the license, would render the license void.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge,* for the defendant.

*A. J. Waterman,* Attorney General, *&amp; H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. Under the Pub. Sts. c. 100, § 12, as amended by the St. of 1882, c. 259, the maintaining by the defendant, upon the premises, of a painted glass window, or of any other obstruction, which interfered with a view of the interior of the premises, or of the business conducted upon the premises, made his license void, although the obstruction existed when the license was granted. The license must be granted before it takes effect, and it is upon condition that, after it takes effect, the licensee shall not place or maintain the prohibited obstruction upon the premises. The evidence in the appellate court tended to prove the same offence of which the defendant was convicted in the court below. It need not be proved by the same evidence. The rulings of the court were correct.

*Exceptions overruled.*