COMMONWEALTH *vs.* HENRY C. BROTHERS.

Middlesex.   January 30, 1893. — March 1, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Illegal Keeping for Sale — Motion for Continuance — Druggist's License — Screen Law — Complaint — Evidence — Statute.*

Where there are two shires of a county, in each of which the Superior Court sits alternately, no exception lies to the refusal of the presiding judge to postpone the trial of a criminal case in one of the places to the sitting in the other place three months later, or to adjourn to the latter place for the trial of the case.

The provisions of the Pub. Sts. c. 100, § 12, forbidding any person licensed to sell intoxicating liquors and to place or maintain screens or other obstructions in such a way as to interfere with a view of the business conducted upon the premises, apply to licensees of the sixth class, as well as to all other licensees.

A complaint against a licensee of the sixth class, for the unlawful keeping for sale of intoxicating liquors, need not aver that the provisions of the Pub. Sts. c. 100, § 12, forbidding any licensee to place or maintain screens or other obstructions in such a way as to interfere with a view of the business conducted upon the premises, have been violated.

It is not necessary to aver in a complaint against a licensee, for the unlawful keeping for sale of intoxicating liquors, or to prove at the trial, that the licensing board had required the defendant to remove the blinds and curtains upon the licensed premises.

At the trial of a complaint against a licensee, for the unlawful keeping for sale of intoxicating liquors, the fact that the windows of the licensed premises open upon private grounds does not render it incompetent to prove that the view through the windows, or one of them, was obstructed.

At the trial of a complaint against a licensee of the sixth class, for the unlawful keeping for sale of intoxicating liquors, there was evidence that two police officers visited the defendant's drug store in the evening of the day named in the complaint, and found in a back room connecting with the store, called the "back shop," two men sitting, with the gas turned down; that, after turning on the gas, they also found several prescription glasses standing upon a shelf over a

sink, and smelling of liquor; that on the shelf near the glasses was a demijohn containing whiskey, and the shelf there was wet with whiskey and showed marks where glasses had been placed; that the officers also found in the cellar a keg containing cider, and on a box near the keg was a glass wet with cider, and the box was also wet with cider where the glass stood; that they also found bottles of ale, recently opened, with some ale in each bottle, and also other liquors in bottles and barrels in the cellar; that there were two windows in the back shop, upon one of which were blinds closed and a curtain pulled wholly down, and the other of which had no curtain, but the view to which was obstructed to some extent by a pile of boxes and barrels in the yard; that the officers called the defendant's attention to the condition of the prescription glasses, the shelf, and the demijohn in the back shop, and he made no reply; and that at other times near the date of the complaint persons were seen going into and coming out from the back shop under circumstances which might be deemed suspicious. *Held*, that the evidence was competent, and was sufficient to warrant a conviction.

At the trial of a complaint against a licensee of the sixth class, for the unlawful keeping for sale of intoxicating liquors, it is not necessary to prove that cider found upon the defendant's premises on the day named in the complaint contained more than one per cent of alcohol.

If a druggist having a license of the sixth class, sells intoxicating liquors in violation thereof, it is not unconstitutional to impose upon him a penalty, in addition to providing by statute that his license shall be void.

COMPLAINT, to the Police Court of Lowell, for unlawfully exposing and keeping for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, on March 13, 1892, at Lowell. Trial in the Superior Court, before *Fessenden*, J., who allowed a bill of exceptions, in substance as follows.

The case came on for trial at the June sitting, 1892, at East Cambridge. Before the jury were impanelled, the defendant moved that the case be postponed to the October sitting, 1892, at Lowell, which motion was denied; and thereupon the defendant moved that the court then adjourn to Lowell for the trial of the case, which motion was also denied; and the defendant excepted.

The defendant had a license of the sixth class as a druggist to sell intoxicating liquors, not to be drunk on the premises, for medicinal, mechanical, and chemical purposes.

The government contended that the defendant had violated his license in maintaining the curtains and blinds, as is hereinafter stated; and offered evidence to show that on the day named in the complaint, from about seven to nine o'clock in the evening, the defendant kept and exposed intoxicating liquors

with intent to sell the same, contrary to law, in his shop and the cellar of his premises in Lowell.

Two police officers of Lowell testified, in substance, that they visited the premises about eight o'clock on that evening, and, after having inspected the premises in the rear, entered the front door of the defendant's store, and in the front part of the store found the defendant attending to customers; that they then passed to the " back shop," so called, around a prescription desk in the back part of the front store, through an open door connecting the two rooms, and in the " back shop" found two men sitting, with the gas turned down; that one of the officers turned on the gas, and they then found several prescription glasses of different sizes standing upon a shelf over a sink; that one of the officers smelt of the glasses, and upon examination found that three had been used with whiskey and one with rum; that there was nothing else in either glass of the nature of a compound or otherwise; that on the shelf near the glasses was a demijohn with three or four quarts of whiskey, and the shelf there was wet with whiskey and showed marks where glasses had been placed; that the officers went down into the cellar, and found there a keg containing about twenty gallons of cider, and on a box near the keg was a glass wet with cider, and the box was wet with cider where the glass stood; that they also found two quart bottles of Bass's ale, recently opened, with a little of ale in each bottle, and there were other ale and liquor in bottles and barrels in the cellar; and one of the officers, on cross-examination, testified that he did not know whether or not they were empty; and that from the cellar the officers returned to the back shop, and as they returned the two men went out. This evidence was contradicted by the defendant.

The officers further testified as follows. There were two windows in this back shop; upon one of the windows were blinds, closed, and a curtain pulled wholly down; on the other window, near some stairs, there was no curtain, but there were boxes and barrels piled up in the back yard which obstructed the view to this window to some extent; on the side opposite to the back shop were a tenement house and a livery stable, but no view of any public street could be obtained from the back

shop, and the windows were not visible from any public street; the officers then passed back into the front shop, where the defendant was waiting on customers; they called the defendant's attention to the prescription glasses and to the condition of the shelf on which the glasses and demijohn were, and the defendant made no reply; and, upon request of the officers, the defendant got his book showing sales of liquor, but there were no sales recorded that day. The officers further testified that on that night, previously to their entry into the front store, they had been in the rear and back yard of the premises, and found the blinds closed and curtain drawn down so they could not see into that window; and that they could not see into the other window on account of the boxes and barrels piled against it.

The defendant objected to the introduction of any evidence showing or tending to show that the blinds were closed, or that the curtain was drawn over the window, upon the following grounds: first, that the complaint did not charge that § 12 of the Pub. Sts. c. 100, or any other provision of law relative to blinds or curtains, had been violated by the defendant; secondly, that § 12 did not apply to licenses of the sixth class; thirdly, because there was no proof that the licensing board of the city of Lowell had cautioned, requested, or warned the defendant as licensee to remove the blinds and curtains, and not permit the same to be placed or maintained upon the windows, or either of them, during the period of the license.

The defendant objected to the introduction of evidence as to the alleged condition of the prescription glasses, because they were implements of traffic proper, necessary, and indispensable to the legal carrying on of the drug business; and because their alleged condition as found by the officers was not inconsistent with but natural to the legal carrying on of the business.

The defendant also objected to the introduction of any evidence as to the cider in the cellar, because the government offered no evidence that the cider contained more than one per cent of alcohol.

The defendant further objected to the evidence of the officers calling the attention of the defendant to the alleged condition of the prescription glasses, and the shelf on which they stood, because the officers testified that the defendant made no reply to the alleged remark by the officers.

The judge instructed the jury, that, if the circumstances were such that the defendant was called upon fairly to reply to what the officer said, and he failed to reply, that might be considered by the jury in passing upon the case.

The evidence as to finding the demijohn of whiskey on the shelf by the officers was objected to by the defendant as being not inconsistent with the proper carrying on of the drug business.

The defendant offered evidence tending to show that the two men found sitting in the back shop by the officers had been for a long time intimate personal friends of the defendant, and were in the habit of dropping in there frequently for social purposes of reading and conversation, and that they had frequently been there, and more especially on Sunday evenings, and never at any time had either of them drunk any intoxicating liquor on the premises, or been seen drinking by any other person or persons; but, on cross-examination, they testified that they were in the habit of using liquor. One of them further testified that, immediately after the officers left the back shop, he smelt of the prescription glasses and found that neither of them smelt of rum or whiskey, or any other kind of intoxicating liquor; and that the glasses did not stand on a shelf over the sink, but that the glasses stood on a shelf at the left hand of the door leading from the front store to the back shop.

The defendant put in evidence a plan of the shop, and offered evidence tending to show that the testimony of the police officer called by the government could not have been true for two reasons: first, because it was impossible to look into the back shop from the place or places where he testified he stood; secondly, because a prescription case, standing five feet nine inches high from the level of the floor, completely obstructed the view to the back shop, and prevented any person standing where the witness stood, or at the front entrance of the store, from seeing whether the persons entered the back shop or not.

The police officer further testified, against the defendant's objection, that at three different times, namely, on March 13, 1892, March 6, 1892, and the last Sunday in February, 1892, he saw various persons enter the front store and go therefrom behind the prescription case into the back shop, and also return from

behind the prescription case; and one other witness for the government testified that, on the morning of March 13, and once shortly prior thereto, he had seen several other persons go behind the prescription case. Both witnesses testified that none of the men who so went behind the prescription case brought out anything in their hands; but both witnesses testified, on cross-examination, that all of the persons were respectable appearing men, and showed no sign of intoxication.

The defendant also offered evidence that on said Sundays, in the front part of the store, on the counter, he kept for sale the so called Sunday newspapers.

The defendant asked the judge to rule that, upon all the evidence, the defendant was entitled to a verdict of acquittal. The judge denied this request, and submitted the case to the jury; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. F. Manning*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

ALLEN, J. 1. No legal or constitutional right of the defendant was violated by the refusal of the presiding justice to postpone the trial, or to adjourn the court to Lowell. *Commonwealth* v. *Hurley*, ante, 159.

2. The provisions of Pub. Sts. c. 100, § 12, forbidding licensees to place or maintain screens, blinds, curtains, etc., in such a way as to interfere with a view of the business conducted upon the premises, apply to licensees of the sixth class as well as to all other licensees; and it is provided by St. 1882, c. 259, that the placing or maintaining of any such obstructions shall of itself make the license void. See *Commonwealth* v. *Sawtelle*, 150 Mass. 320; *Commonwealth* v. *McDonnough*, 150 Mass. 504.

3. It was not necessary to insert in the complaint an averment that the provisions of Pub. Sts. c. 100, § 12, as to screens, blinds, curtains, etc., had been violated. *Commonwealth* v. *Barnes*, 138 Mass. 511. If further information was wanted, an order for a specification might have been asked for, and granted or refused in the discretion of the judge. *Commonwealth* v. *Wood*, 4 Gray, 11.

4. It was not necessary to aver or prove that the licensing board had required the defendant to remove the blinds and curtains. *Commonwealth* v. *Rourke*, 141 Mass. 321.

5. The fact that the windows opened upon private grounds did not render it incompetent to prove that the view throug[h] the windows, or through one of them, was obstructed. *Commonwealth* v. *McDonnough*, 150 Mass. 504. Evidence of attempted concealment was competent to show both that the license was void and that the business was in other respects illegal.

6. All of the evidence relating to the keeping and use of liquors, and to the glasses, bottles, and vessels in which liquor was or had been contained, was competent for the consideration of the jury. The fact that a particular piece of evidence was not conclusive of guilt did not render it inadmissible.

7. The evidence of finding in the back shop two men sitting with the gas turned down, when taken with other evidence tending to show a recent use of liquor there, was competent.

8. The evidence that the officers called the defendant's attention to the condition of things in the back shop, and that he made no reply, was competent. The circumstances were sufficiently suspicious to warrant a finding that they naturally called for an explanation. *Commonwealth* v. *Brown*, 121 Mass. 69, 80. *Commonwealth* v. *Kenney*, 12 Met. 235.

9. It was not necessary to prove that the cider contained more than one per cent of alcohol. St. 1888, c. 219. Pub. Sts. c. 100, § 27. *Commonwealth* v. *Snow*, 133 Mass. 575. *Commonwealth* v. *Whelan*, 134 Mass. 206, 210.

10. It was competent to prove that at other times near the date of the alleged offence persons were seen going into and coming out from the defendant's back shop under circumstances which the jury might deem suspicious. *Commonwealth* v. *Finnerty*, 148 Mass. 162.

11. The evidence was sufficient to warrant a conviction.

12. If a druggist sells intoxicating liquors in violation of his license, it is not unconstitutional to impose upon him a penalty or punishment, in addition to providing by statute that his license shall be void. *Commonwealth* v. *Kinsley*, 133 Mass. 578. *Commonwealth* v. *Kiley*, 150 Mass. 325.

*Exceptions overruled.*