COMMONWEALTH *vs.* JOHN H. COUGHLIN.

Worcester.    January 19, 1903. — February 24, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Criminal,* Argument to jury, Limit of cross-examination, Exceptions. *Evidence,* Admissions and Confessions, Burden of proof. *Intoxicating Liquors.*

It is the right of a party to a civil action or criminal prosecution to object to incompetent evidence, and no argument to his prejudice can be founded on his exercise of that right. Thus on the trial of a criminal complaint, it is error for the presiding judge to permit the district attorney, after objection by the defendant, to argue to the jury that the defendant's objection to certain evidence, thereupon excluded by the judge as immaterial, showed that the defendant was a man who did not desire a full disclosure of all the facts surrounding his case.

A cross-examination for thirty minutes of the complainant, in a prosecution for

keeping intoxicating liquors with intent to sell them unlawfully, may be held by the presiding judge in his discretion to be too long, and a remark by him that such a cross-examination has been "unusually protracted" cannot be made the subject of an exception.

On a complaint against an innholder for keeping intoxicating liquors with intent to sell them unlawfully on a certain Sunday named, upon an appeal from a district court to the Superior Court, the offence may be proved by evidence of sales before eleven o'clock by persons who had not resorted to the defendant's hotel for food or lodging, although in the district court the evidence was confined to sales after eleven o'clock, illegal to whomsoever made. The offence charged is the keeping with intent to sell contrary to law, and is the same offence throughout the Sunday named although proved by different evidence.

At the trial of a complaint for keeping intoxicating liquors with intent to sell them unlawfully, the prosecution may show that the defendant sought out a lawyer retained by the prosecution, and talked with him about the case, and that in this conversation the defendant did not deny the truth of the allegations of the complaint, but confined himself to threats of ruining the lawyer if he dared to prosecute him.

On the trial of a complaint against an innholder for keeping intoxicating liquors with intent to sell them unlawfully, on a Sunday, the evidence may be such that it is proper for the presiding judge to instruct the jury, that if the hotel proprietor instructs his clerks not to violate his license knowing all the while that they are violating it and intending that they shall do so, the fact that he has given the instructions is of no importance. In such a case it is for the jury to determine upon all the evidence, whether the defendant did in good faith give instructions intended to be obeyed and enforced, and whether the sales if made were without his knowledge.

On a complaint against an innholder for keeping intoxicating liquors with intent to sell them unlawfully, the defendant is not entitled to an instruction, that if his clerks honestly believed it was not eleven o'clock when they made the sales shown by the evidence, he should be acquitted, if there is other independent evidence sufficient to warrant his conviction.

On the trial of a complaint against one holding an innholder's license to sell intoxicating liquors, for keeping such liquors with intent to sell them unlawfully, the burden of proving that sales made were sales within the license is on the defendant.

COMPLAINT, received and sworn to on January 8, 1902, in the Second District Court of Eastern Worcester, charging that the defendant on Sunday, January 5, 1902, at Clinton, did expose and keep for sale intoxicating liquors with intent unlawfully to sell the same.

At the trial in the Superior Court before *Fox*, J., it appeared, that the defendant was the keeper of a hotel in Clinton known as the Clinton House, and that he held for a term expiring on April 30, 1902, an innholder's license, and licenses to sell intoxicating liquors of the first and fourth classes, upon the Clinton House premises.

At the close of the evidence, the defendant presented the following requests for rulings:

" 1. If the keeping complained of was made by a servant of the defendant and contrary to the express orders given to him by the defendant concerning the conduct of the defendant's business, then said keeping was not made by the defendant contrary to the terms of his license and contrary to law.

" 2. The jury must find beyond a reasonable doubt that the keeping complained of was made by a servant of the defendant by the authority of the defendant or with his consent in order to find the defendant guilty under this complaint.

" 3. If the jury do not find that the crime charged in the complaint was committed after eleven o'clock on the day alleged, evidence relating to this point being the only evidence introduced at the trial in the court below, the defendant must be acquitted.

" 4. The defendant cannot be convicted of the crime charged, on the evidence of the witnesses, Jacobs and Thompson, as to what occurred in the morning or the afternoon of the day in the complaint prior to eleven o'clock P. M., no evidence relating to any time earlier than eleven o'clock having been introduced at the trial in the court below.

" 5. If the defendant having a license as an innholder and to sell intoxicating liquors of the first class had given orders to his servants and agents not to sell any liquor after eleven o'clock in the afternoon, and a servant or agent of the defendant honestly believing it was then eleven o'clock did close the room in which the acts complained of were alleged to have taken place, although by reason of an error in the time-piece of said agent, which was unknown to him, it was four or five minutes after eleven o'clock, the defendant must be acquitted.

" 6. If the servant or agent of the defendant in honestly attempting to conduct the business of the defendant in accordance with the express orders given him by the defendant, owing to an honest mistake as to the exact time of day which it then was, which mistake was caused by an error in the time-piece which he had, did not close the room in which the acts complained of were alleged to have taken place until four or five minutes after eleven o'clock, then the defendant cannot be held guilty under this complaint.

" 7. If the acts alleged in this complaint were committed by a servant of the defendant in the absence of the defendant and without the knowledge of the defendant and contrary to the express orders of the defendant concerning the conduct of his business, then said acts do not constitute a keeping of intoxicating liquors by the defendant with the intent to sell contrary to law.

" 8. The master cannot be held criminally for what a servant does contrary to his orders and without any authority express or implied, merely because it is in the course of his business and within the scope of the servant's employment.

" 9. If there is any evidence that the keeping complained of was made by an agent of the defendant contrary to the express instructions of the defendant concerning the conduct of his business, although said keeping was made by said agent of the defendant in the course of the defendant's business, there is no presumption that said keeping was made with the consent of the defendant.

" 10. If the jury find that sales were made unlawfully by the regular employees of the defendant, the burden of proof is not upon the defendant to show that he did in good faith give instructions to his employees, intended to be obeyed and enforced, that no sale should be made contrary to the provisions of the license, but the burden is upon the Commonwealth upon this as upon and as a part of the general issue."

At the close of the evidence the defendant also requested the judge to direct the Commonwealth to elect whether it contended that the alleged illegal keeping was after eleven o'clock on the day in question or during the forenoon and afternoon of that day. The Commonwealth refused to elect, and the judge refused to order it to do so.

The judge refused to make any of the foregoing rulings. Such portions of the judge's charge as are material are stated by the court. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. P. Rugg*, for the defendant.

*R. Hoar*, District Attorney, and *G. S. Taft*, Assistant District Attorney, for the Commonwealth.

LORING, J. This is a complaint for keeping liquor with intent to sell the same contrary to law. The prisoner had an innkeep-

er's license for the Clinton House and licenses to sell liquor of the first and fourth classes. The evidence of an intent to sell contrary to law consisted in testimony to sales made before eleven o'clock, P. M., on Sunday, to persons who did not resort to the hotel for food or lodging, and to sales made after eleven, P. M.

One Bartlett, a deputy sheriff and the complainant in the case, was called as a witness for the government. He testified to having taken out a search warrant and to what he found on going to the hotel with the search warrant after eleven o'clock on Sunday night. He also testified that he went to the office of Buttrick and Stone, who were attorneys and counsellors at law, at eight o'clock in the evening of the Sunday in question, and that among other persons who were at the office during that evening was one of the selectmen of the town of Clinton. In cross-examination of this witness counsel for the prisoner " asked with reference to his conversation with one of the selectmen, Mr. Shedd, just before and concerning the contemplated complaint and raid, and had said that he desired to have the jury taken into full confidence." It also appeared " during Bartlett's examination that Shedd had stated that he had acted as a selectman in requesting him to investigate the manner in which the hotel was run, and thereafter it was elicited on cross-examination of the witness, Bartlett, that four of the five selectmen had made no complaint with reference to the conduct of the defendant's hotel, nor had they indicated any desire to have a raid made, to him." Four of the five selectmen of Clinton were called by the prisoner, and testified to his good reputation, and on cross-examination by the government, " that they had received no complaints, formal, written or otherwise, of the conduct of the defendant's hotel." This evidence went in without objection. Shedd, the fifth selectman, was later called as a witness by the district attorney, who " asked him what complaints he as a member of the board of selectmen had received with reference to the conduct of the defendant's place of business which he had communicated to the other members of the board, and also asked him with reference to certain cases by name of persons who had complained to him as a selectman with reference to the conduct of the hotel and occurrences that had taken place there, which also he had communicated to the remaining members of the

board." This evidence was objected to by the prisoner, and was excluded by the judge.

In his closing argument to the jury, the district attorney argued that the prisoner's objection to the testimony of Shedd which the government had offered, and which on the prisoner's objection had been excluded, " showed that the defendant was a man who did not desire a full disclosure of all the facts surrounding the case, and that the fact of this objection tended to show that he had not told the truth with reference to what had taken place at his hotel, and with reference to his ignorance of what had been done in the conduct of his hotel during the day in question, by the clerks under his employ." The counsel for the prisoner immediately interrupted and asked the judge to restrain the district attorney from pursuing this line of argument. This the judge refused to do, and the defendant took an exception. The district attorney was allowed to and did finish " his line of argument." In his charge to the jury the presiding judge instructed them that under the privilege of cross-examination irrelevant questions may be put to test the credibility of a witness and to show his bias, but that the real issue should not be lost sight of ; that the real issue was : Did the prisoner keep liquor with intent to sell the same contrary to law ? That the fact that one or more selectmen of Clinton wished or did not wish to prosecute the prisoner was not legal evidence upon that issue. No other reference was made to the objection of the prisoner to the argument of the district attorney.

This exception must be sustained. It has been suggested in the brief for the government that the evidence was admissible after all. But the fact that it was admissible if it was admissible, is of no consequence. What the prisoner complains of is that after the evidence had been ruled out the government was allowed to make an argument prejudicial to him based upon the fact that he had insisted on the trial being conducted according to the rules laid down by the law. For the purpose of the trial the presiding judge had decided that the evidence was not competent. That made the evidence incompetent for the purpose of the trial. It was error for the presiding judge after ruling the evidence out to allow the government to make an argument prejudicial to the prisoner, founded on his

objection to what for the purposes of the trial was incompetent evidence.

It is the right of a party to an action, whether criminal or civil, to object to incompetent evidence, and no argument to his prejudice can be founded on the exercise by him of that right. Counsel cannot be permitted to offer incompetent evidence and then make an argument against the other party because the other party exercised his right of pointing out that it was incompetent and of having the case tried by the rules of law.

The district attorney could have commented on the remark of the prisoner's counsel that he wished a full disclosure of all the facts surrounding the case, but he was not at liberty to comment on the prisoner's objecting to incompetent evidence.

The case must go back for a new trial. We will consider the questions raised by these exceptions ; some of them may arise again.

We cannot say that the cross-examination of Bartlett for thirty minutes might not properly be held to be too long, in the discretion of the presiding judge ; and for that reason the exception to the remark of the presiding judge that it had been " unusually protracted," must be overruled. See *Rand* v. *Newton*, 6 Allen, 38 ; *Demerritt* v. *Randall*, 116 Mass. 331.

The exception to the admission of evidence of sales before eleven o'clock to persons who had not resorted to the hotel for food or lodging must be overruled. The prisoner's objection to this evidence was that the evidence in the District Court was confined to sales after eleven o'clock, which are illegal no matter to whom made. The offence charged in the complaint and proved in the District Court was that of keeping liquor on the Sunday in question with intent to sell the same contrary to law. Where the offence complained of is for making an illegal sale, the government in the Superior Court cannot put in evidence a sale not put in evidence in the court appealed from. *Commonwealth* v. *Crawford*, 9 Gray, 129. *Commonwealth* v. *Blood*, 4 Gray, 31. *Commonwealth* v. *Foynes*, 126 Mass. 267, 268. That would be to try the prisoner for a different offence. But where the crime complained of is maintaining a common nuisance in keeping liquor for sale contrary to law, it has been decided to be competent for the government to prove

the offence by showing that there was an obstruction in the window forbidden by the prisoner's license although the fact of such an obstruction was not gone into in the court appealed from; *Commonwealth* v. *Sawtelle*, 150 Mass. 320; and sales may be proved in the Superior Court not proved in the lower court. *Commonwealth* v. *McNeff*, 145 Mass. 406. In such a case the sales are not the offence but only evidence of the intent with which the liquor was kept. In this respect the offence of keeping liquor with intent unlawfully to sell the same is like maintaining a common nuisance in keeping liquor with intent unlawfully to sell the same. See *Commonwealth* v. *Finnerty*, 148 Mass. 162; *Commonwealth* v. *Murphy*, 153 Mass. 290. In the case at bar the offence charged was keeping liquor with intent to sell the same contrary to law, on the whole of the day of January 5, and it did not become the offence of so keeping liquor after eleven o'clock at night on January 5 by reason of the evidence in the lower court having been restricted to such sales, as the counsel for the prisoner contends.

The exception to the prisoner's conversation with Mr. Stone, who had been retained to secure a conviction, must be overruled. It was competent to show that when the defendant sought out the lawyer retained by the prosecution and talked about the case with him he did not deny the truth of the allegations of the complaint, but confined himself to threats of ruining the young lawyer if he dared prosecute him.

The prisoner was not entitled to the first, second, seventh, eighth and ninth rulings requested. In view of the testimony of the prisoner's day clerk " that the transactions occurring about the hotel and its room aforesaid were the same that usually occurred on Sundays in said hotel when the proprietor was well and directing its affairs," made it proper for the presiding judge to instruct the jury that " If the hotel proprietor instructs his clerks not to violate his license and knows all the while that they are violating it and intends that they shall violate it, the fact that he has given instructions is of course of no importance," and the instruction that follows was right, " Upon the question of the defendant's responsibility it is for you to determine upon all the evidence, if you find that the law was in fact violated in that hotel by the clerks of this defendant, whether

the defendant did in good faith give instructions intended to be obeyed and enforced, and whether the sales if made were without his knowledge."

The fifth and sixth rulings could not be given. They ask an instruction that the defendant should be acquitted. Even if the clerks thought that it was not eleven o'clock when it was, there was evidence on which the defendant could be convicted.

The tenth ruling was properly refused. The burden of proving that the sales made were sales within the license was on the prisoner. *Commonwealth* v. *Regan, ante,* 22.

*Exceptions sustained.*