## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

COMMONWEALTH *vs.* JAMES McGRATH.

Norfolk. November 16, 1903. — January 7, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Intoxicating Liquors. Cider.*

By R. L. c. 100, § 2, cider is an intoxicating liquor within the meaning of that chapter without being shown to contain more than one per cent of alcohol.

On the trial of a complaint under R. L. c. 100, §§ 1, 2, for maintaining a certain tenement for the illegal sale and illegal keeping of intoxicating liquors, there was evidence that the defendant kept a grocery and had sold cider there without a license during the time covered by the complaint. The judge instructed the jury, that if they found this to be the fact the defendant would be guilty of the offence charged, "as the sale of all cider, unless under a license, is prohibited by law in this Commonwealth." *Held*, that the first part of the instruction was correct, and that the reason given in the portion quoted, although stated too broadly, did the defendant no harm, as he did not come within the valid exceptions of R. L. c. 100, § 1. St. 1903, c. 460, was not then in force.

LATHROP, J. This is a complaint charging the defendant with keeping and maintaining, on March 23, 1903, and during the preceding six months, a certain tenement in Hyde Park, by him used for the illegal sale and illegal keeping for sale of intoxicating liquors.

The following facts appeared in evidence at the trial in the

Superior Court. The defendant kept a grocery in Hyde Park, selling the usual goods dealt in by grocers. In October, 1902, he bought fifty barrels of windfall apples, some of which he sold, and the remainder of which he had made into cider, and obtained therefrom eight barrels of cider. He sold one barrel to a neighbor, and also sold two and a half barrels in his shop, by the quart and gallon, the cider so sold being taken from the premises and not drunk thereon. Shortly before January 1, 1903, he noticed that " the cider did not taste as sweet as it did," and sold no more from that time on. The four and a half barrels remaining were seized upon a search warrant on March 15, 1903.

On the evidence the judge ruled as follows: "If the jury find that the defendant, during the time covered by the complaint, sold cider or kept it for sale upon his premises, he would be guilty of the offence charged, as the sale of all cider, unless under a license, is prohibited by law in this Commonwealth." The jury returned a verdict of guilty, and the case is before us on the defendant's exception to the above ruling.

It is to be noticed in the first place that the defendant did not justify the sales made by him as being under a license, and that the St. of 1903, c. 460, which took effect on June 23, 1903, has no application because the statute was passed after his conviction. The case is to be determined upon the construction to be given to the provisions of the R. L. c. 100, §§ 1, 2.

Section 1 begins as follows: " No person shall sell, or expose or keep for sale, spirituous or intoxicating liquor, except as authorized in this chapter." Then follow certain exceptions, one of which, if it applied to the defendant, was declared to be unconstitutional in *Commonwealth* v. *Petranich*, 183 Mass. 217.

Section 2 reads as follows: " Ale, porter, strong beer, lager beer, cider, all wines, any beverage which contains more than one per cent of alcohol, by volume, at sixty degrees Fahrenheit, and distilled spirits, shall be deemed to be intoxicating liquor within the meaning of this chapter."

The question on this part of the case is whether the provision of the section as to the percentage of alcohol applies to cider.

The St. of 1875, c. 99, § 18, provides: " The terms intoxicating liquor, or liquors, in this act shall be construed to include

ale, porter, strong beer, lager beer, cider, and all wines, as well as distilled spirits." This was amended by the St. of 1880, c. 239, § 5, by adding the following words at the end of the section above cited : "any beverage containing more than three per cent of alcohol, by volume, at sixty degrees Fahrenheit, shall be deemed to be an intoxicating liquor within the meaning of this act." So it is declared in the Pub. Sts. c. 100, § 27 : "Ale, porter, strong beer, lager beer, cider, all wines, and any beverage containing more than three per cent of alcohol, by volume, at sixty degrees Fahrenheit, as well as distilled spirits, shall be deemed to be intoxicating liquor within the meaning of this chapter." The St. of 1888, c. 219, § 1, amended the section just cited by striking out the word "three" and inserting the word "one."

It was held in *Commonwealth* v. *Snow*, 133 Mass. 575, under the St. of 1875 above cited, that on a complaint for unlawfully keeping intoxicating liquor with intent unlawfully to sell the same, where the proof was of a sale of lager beer, the question whether it was kept for sale not being contested, the government need not prove that it contained more than three per cent of alcohol. So, under the Public Statutes as amended by the St. of 1888, it was held that it was not necessary to prove that cider contained more than one per cent of alcohol. *Commonwealth* v. *Brothers*, 158 Mass. 200, 206.

While the phraseology in the Revised Laws is slightly changed from that in the Public Statutes, as amended by the St. of 1888, there is no change in the law. The first part of the ruling was therefore right.

The second part of the ruling, in which the judge gave the reason for the ruling, was stated too broadly, but the defendant was not prejudiced thereby, for, so far as he was concerned, the ruling was right, as he did not come within any of the valid exceptions in § 1.

*Exceptions overruled.*

*T. E. Grover & D. W. Murray*, for the defendant.

*Asa P. French*, District Attorney, *& R. W. Nutter*, Assistant District Attorney, for the Commonwealth.