GEORGE H. TINKHAM, administrator, *vs.* EDWARD W. EVERSON & another.

Suffolk.    October 8, 9, 1914. — October 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence*, Employer's liability.    *Practice, Civil*, Exceptions, Amendment.

In an action by an administrator of the estate of a laborer to recover for the death and conscious suffering of the plaintiff's intestate when in the employ of the defendant, who was a contractor, there was evidence that the plaintiff's intestate and other laborers were ordered by the defendant's superintendent to dig at the foot of a gravel bank fifteen or sixteen feet high that had an overhang of about eighteen inches, that the plaintiff's intestate protested that he never had worked at such a place, but that the superintendent said to him, "Go ahead and go to work. I am here to watch you people," that it was the duty of this superintendent "to warn the men, to keep them in a safe place," that on the bank three feet back from the edge four men were working with bars, prying off the top, that, when the intestate had been at work for about half an hour, he was struck by a stone or mass of earth that fell from the top of the bank, and died after a period of conscious suffering. *Held*, that the issues of the due care of the intestate, of his assumption of the risk of injury and of the negligence of the defendant's superintendent were for the jury.

In an action of tort, where the presiding judge refused to order a verdict for the defendant and submitted the case to the jury on three counts and a verdict was returned for the plaintiff, it is not open to the defendant, upon an exception to the judge's refusal to order a verdict for him, to argue that a verdict should have been ordered for him on one of the three counts, if he asked for no special ruling on that count before the verdict and there was evidence warranting a verdict for the plaintiff on one of the other counts on which the case was submitted to the jury.

At the trial of an action by an administrator under R. L. c. 106, § 72, to recover for the conscious suffering and death of the plaintiff's intestate, while in the defendant's employ, alleged to have been caused by the negligence of the defendant's superintendent, the presiding judge under R. L. c. 173, §§ 48, 121, properly may allow the plaintiff after the close of the evidence to amend his declaration by adding allegations that at the time of the intestate's death he had a wife and four minor children who then and when the action was brought were dependent upon his wages for support.

TORT by the public administrator of the estate of Guistiniano Coppola, late of Boston, against two defendants, alleged to be copartners doing business under the firm name of E. W. Everson and Company, who were engaged in the contracting business

and were doing work on Beach Street in the town of Revere, for causing the death and conscious suffering of the plaintiff's intestate on August 23, 1905, when he was in their employ, by the top of a gravel bank falling upon him when he was working under it. Writ dated October 28, 1905.

The declaration contained six counts. The first three counts were at common law, the first for failing to provide the plaintiff's intestate with a reasonably safe place to work, the second for a failure to furnish the intestate with suitable tools, machinery and appliances, and the third for a failure to give the intestate proper and sufficient warning and instructions regarding the dangers attending his work. The last three counts were under the employers' liability act, the fourth count alleging a defect in the ways, works or machinery of the defendants, the fifth alleging negligence of a superintendent, and the sixth alleging negligence of an acting superintendent.

In the Superior Court the case was tried before *Brown,* J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendants asked the judge to order a verdict in their favor upon all the counts of the declaration. The plaintiff thereupon moved to amend his declaration by striking therefrom the first, second and third counts, and this motion was allowed. He thereupon further moved to amend his declaration by inserting a new first and a new second count. These counts were at common law. This motion to amend by inserting the new counts was allowed subject to the exception of the defendants. The plaintiff thereupon moved to amend the fourth, fifth and sixth counts of the declaration by adding to each count a statement, that at the time of the death of the intestate he had a wife and four minor children, who were dependent upon his wages for support at the time of the commencement of the action. This amendment was allowed subject to the exception of the defendants. The defendants thereupon moved that the plaintiff be ordered to elect whether he would rely upon the common law counts, or upon the counts under the employers' liability act. The plaintiff, under the direction of the judge, elected to rely upon the statutory counts. The defendants thereupon moved that a verdict be ordered in their favor upon these counts. After argument the plaintiff moved to strike out the

fifth and sixth counts of the declaration, as amended, and to insert in place thereof two new counts numbered five and six. These counts were of the same general character as the fifth and sixth counts, as amended, already described. Subject to the exception of the defendants the judge permitted this amendment to be made. The defendants thereupon moved that upon the pleadings and the whole evidence in the case a verdict be ordered for the defendants. This motion was denied, and the defendants excepted.

The defendants then asked the judge to make the following rulings:

"1. Upon the pleadings and all the evidence in this case the plaintiff cannot recover, and the verdict must be for the defendants.

"2. There is no evidence in this case that the plaintiff's intestate was in the exercise of due care, and the verdict must be for the defendants.

"3. From all the evidence in the case it appears that the risk of injury, by reason of the possibility of earth falling from the bank, was open and in no way concealed, and that the plaintiff's intestate fully appreciated or should have appreciated the same, and by staying in the place where he did stay, he voluntarily assumed the risk of injury, and the verdict must be for the defendants.

"4. Under the circumstances of the case, as disclosed by all the evidence, the plaintiff's intestate did not rely upon receiving any warning from the defendants, or their superintendent, of the danger of injury from the fall of the bank, and the danger of injury from such cause was apparent to him, the man who was prying off the overhang portion of the bank being in full view of the plaintiff. Under these circumstances the plaintiff's intestate was not entitled to, nor had he any right to expect, a warning from the defendants or their superintendent, and the verdict must be for the defendants.

"5. Under the circumstances of the case, as disclosed by all the evidence, the danger of injury from the fall of the bank was a merely transitory danger in the prosecution of the work, and no duty rested upon the defendants or their superintendent to warn against such merely transitory dangers."

The judge refused to make any of these rulings, and submitted the case to the jury with instructions not complained of except for such refusal. The jury returned a verdict for the plaintiff in the sum of $4,000, apportioned $3,000 for the death and $1,000 for the conscious suffering. The defendants alleged exceptions.

*A. H. Russell,* for the defendants.

*J. E. Crowley,* for the plaintiff.

DE COURCY, J. There was evidence to warrant the jury in finding the following facts: The plaintiff's intestate, Guistiniano Coppola, and seventeen or eighteen other laborers were ordered by the defendants' foreman and statutory superintendent to dig at the foot of a gravel bank that was fifteen or sixteen feet high and had an overhang of about eighteen inches. Coppola protested that he never had worked in such a place; but the superintendent said: "Go ahead and go to work. I am here to watch you people." This superintendent also testified that "his job was to warn the men, to keep them in a safe place." On the bank, and three feet back from the edge, four men worked with bars, prying off the top. The intestate had been at work for about half an hour when he was struck by a stone or mass of earth that fell, and he died after some hours of conscious suffering. Plainly the issues of his due care and assumption of risk, and that of the negligence of the superintendent, were for the jury. *Chiappini* v. *Fitzgerald,* 191 Mass. 598. *Gettins* v. *Kelley,* 212 Mass. 171. *Polvere* v. *Hugh Nawn Contracting Co.* 215 Mass. 199.

The case went to the jury on the substituted fifth and sixth counts, alleging negligence of a superintendent, and apparently on the original fourth count alleging a defect in the ways, works and machinery. It is now argued that a verdict for the defendants should have been ordered on the fourth count. But there was no ruling specifically requested as to that count, as in *Lynch* v. *Allyn,* 160 Mass. 248. And, as there was evidence to support the other counts, the general request that a verdict be directed for the defendants was refused rightly.

The notice stated the time, place and cause of the injury, as required by R. L. c. 106, § 75, then in force. It was a sufficient basis for the recovery of damages both for injury and death. See *Meniz* v. *Quissett Mill,* 216 Mass. 552. Presumably the original fifth and sixth counts relied upon the provisions of R. L.

c. 106, § 72, which allowed the legal representative to recover damages for the death in addition to those for the injury. We cannot say, as matter of law, that the amendments allowed by the trial judge introduced a new cause of action and were not warranted. R. L. c. 173, §§ 48, 121. *Herlihy* v. *Little,* 200 Mass. 284. *Polvere* v. *Hugh Nawn Contracting Co.* 215 Mass. 199.

*Exceptions overruled.*