This is an action for damages for personal injuries by the appellant against the appellee under the Federal Employers' Liability Act of 1908.
The injury complained of occurred while the road and transportation equipment of appellee were under the control of the Federal Government.
A demurrer to the narr. was sustained by the trial court, the ground of the demurrer being that the wrong defendant was sued.
Appellant contends that this objection cannot properly be made by demurrer. We do not agree with this contention. If thenarr., conceding all its allegations to be true, does not make out a good case against the defendant, we see no reason why the point may not be successfully made by demurrer as well where the defendant is not responsible for the alleged act of negligence as where the act itself does not constitute a good cause of action.Mardis v. Hines, Director General, 258 F. 945;Haubert v. Balto. O.R.R. Co. et al., 259 F. 361.
It is conceded that courts will take judicial notice of Acts of Congress. And we held in Hettleman v. Frank, 136 Md. 351, that courts in this state would take judicial notice of proclamations issued during the war and given general circulation.
But, assuming that the question could be raised by demurrer, it is further strongly contended by appellant that the demurrer should have been overruled because Order No. *Page 634 
50 of the Director General deprives the plaintiff of his remedy against the carrier, which is vested in him by the Federal Employers' Liability Act of Congress, and which Section 10 of the Federal Control Act of March 21st, 1918, affirmatively preserves, and is therefore invalid. The argument overlooks the important exception in Section 10, which follows the provision that carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws, or at common law, viz: "Except so far as may be inconsistent with the provisions of this Act or any other Act applicable to such federal control or with any order of thePresident."
It also overlooks the exception, in the President's proclamation assuming control of the railroads, to the provision that suits might be brought by and against said carriers and judgments rendered as hitherto, viz: "Until and except so far assaid Director General may, by general or special order, otherwisedetermine."
And if it be objected that Section 10 refers to orders of the President and not to those of the Director General, such objection is answered by Section 8, of the Act which provides that "The President may execute any of the powers herein and heretofore granted him with relation to federal control through such agencies as he may determine." See Mardis v. Hines,supra.
An interesting construction of the meaning of the words "such carriers," as used in Sec. 10 of the Act of 1918, is given by JUDGE MUNGER of the District Court of Nebraska in Rutherford v.Union Pacific R.R. Co., 254 F. 880. He held that what was meant was the "carriers while under federal control," that is, the Director General. He calls attention to the fact that the act did not provide that action might be brought against the railroad corporation; and he refers to the concluding sentence of Section 10 as supporting this view, said sentence reading: "And in any action at law or suit in equity against the carrier no defense shall be made *Page 635 
thereto upon the ground that the carrier is an instrumentality or agency of the federal government." He argues that this provision was necessary to give a right of action against a governmental agency, and was not intended to preserve the right of action against the railroad corporation.
Another judge, in Schumacher v. Pennsylvania R.R. Co., 106 N.Y. Misc. Rep. 564, 175 N.Y.S. 84, giving a different construction to the meaning of these words, was constrained to hold Section 10 a violation of the Fifth Amendment of the Federal Constitution.
It would be difficult to escape that conclusion if we should adopt the construction given the Act by the appellant, as it would offend every sense of justice and right to hold that an individual or a corporation can be held responsible for an injury arising from the negligent use of property over which he or it has no control or right of control.
And that complete possession and control for all purposes
were given the Government by the acts of Congress and the proclamation of the President, was decided in Northern PacificRailway Company v. North Dakota, 250 U.S. 135, CHIEF JUSTICE WHITE delivering the opinion of the court.
As was said by JUDGE SANBORN in Brady v. Chicago and G.W.Ry. Co., 114 F. 100, 57 L.R.A. 712, speaking for the U.S. Circuit Court of Appeals for the Eighth District: "The power of control is the test of liability under the maxim respondeatsuperior. If the master cannot command the alleged servant, then the acts of the latter are not his, and he is not responsible for them. If the principal cannot control and direct the alleged servant, then he is not his agent, and the principal is not liable for his acts and omissions. In such case the maximrespondeat superior has no application, because there is no superior to respond."
The fact that at the time the suit in this case was docketed the Transport Act of February 28th, 1920, effective March 1st, 1920, had been passed, providing for the termination of federal control on March 1st, and for the appointment by *Page 636 
the President within thirty days of an agent who might be sued for any liability incurred during federal control, and that such agent had not then been appointed, can make no difference. A party who is not liable cannot be sued simply because there is no one else to sue.
The only remaining question is whether the trial court erred in refusing to permit appellant, after the demurrer was sustained, to amend the titling and declaration by adding the name of John Barton Payne, Director General of Railroads of the United States, party defendant; and, if so, whether an appeal lies from such refusal.
In general, no appeal lies from the ruling of a trial court on a motion to amend the pleadings. See 2 Poe, Pl and Pr., Sec. 190; Scarlett v. Academy of Music, 43 Md. 203; Griffee v.Mann, 62 Md. 248.
We find no error, however, in this ruling. If, as we hold, appellee was not a proper party defendant, then to have granted appellant's motion would have been, not to have permitted a defendant to be added, but to have permitted a sole defendant to be supplied This cannot be done. See 2 Poe, Pl. and Pr., 186;Code, Art. 75, § 41; Wright, Exr., v. Gilbert,51 Md. 154.
We are glad the conclusion we have reached will not deprive the appellant of an opportunity to have his case heard against the proper defendant, if he has a meritorious cause of action.
Judgment affirmed, with costs to appellee. *Page 637