AETNA MILLS *vs.* DIRECTOR GENERAL OF RAILROADS.

Suffolk.   March 27, 1922. — June 30, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Director General of Railroads. Carrier,* Federal contract. *Practice, Civil,* Amendment. *Statute,* Construction. *Jurisdiction. Federal Control Act. Transportation Act.*

An action brought on July 11, 1921, for loss of goods, delivered at Boston on December 13, 1919, for shipment over the lines of the New York, New Haven and Hartford Railroad Company to a consignee in the city of New York, under § 10 of the Federal Control Act, 40 U. S. Sts. at Large, 451, and § 206 a, b, of the Transportation Act, 41 U. S. Sts. at Large, 456, should be brought against the Director General of Railroads and properly might be brought in a State court.

The Transportation Act impliedly imported into its provisions the rules of law governing practice in the State court relating to amendments substituting a new defendant.

Under the Federal Control Act, the Transportation Act, and G. L. c. 231, §§ 51, 138, the Superior Court has jurisdiction to allow, in an action begun on July 11, 1921, against the New York, New Haven and Hartford Railroad Company for loss of goods delivered in Boston on December 13, 1919, for shipment to a consignee in New York, an amendment substituting the Director General of Railroads as defendant, and, after the allowance of such an amendment, the railroad corporation ceases to be a party and motions by it for judgment in its favor and by the Director General of Railroads that the action be dismissed as to him should be denied.

TORT OR CONTRACT for the loss of goods delivered by the plaintiff at Boston on December 13, 1919, for shipment over the lines of the New York, New Haven and Hartford Railroad to a consignee in the city of New York.   Writ dated July 11, 1921.

Proceedings in the Superior Court relative to an amendment of the writ and declaration allowed by *Sisk,* J., and the denial by *Sanderson,* J., of a motion by the New York, New Haven and Hartford Railroad Company for judgment in its favor and of a motion by James C. Davis that the action be dismissed as to him, are described in the opinion.   The action on the motion for judgment and to dismiss was reported to this court for determination.

*A. W. Blackman,* for the defendant.

*E. C. Thayer,* (*G. A. Furness* with him,) for the plaintiff.

DE COURCY, J.   By writ dated July 11, 1921, and returnable

in the Superior Court August 1, the plaintiff brought an action against the New York, New Haven and Hartford Railroad Company, for alleged loss of goods shipped by freight from Boston to New York on December 13, 1919. In November, 1921, the plaintiff filed a motion for leave to amend its writ and declaration by substituting as defendant James C. Davis, Director General of Railroads, as agent under the Transportation Act, 1920. The motion was allowed; and process was issued summoning said Davis to answer in the action, and making him defendant therein. The process was served upon a person authorized to be served in proceedings brought against the New York, New Haven and Hartford Railroad Company, with which corporation a contract had been made by or through the President of the United States for the conduct of litigation arising out of operation during federal control. See Transportation Act, 1920, 41 U. S. Sts. at Large, 461, § 206 (b).

On December 28, 1921, the railroad company moved that judgment be entered in its favor, or that the action be dismissed as against it. On January 4, 1922, said James C. Davis appeared specially, by counsel, and filed a motion to dismiss on the ground that the court had no jurisdiction as against him. Both motions were denied by the trial judge; who reported to this court the questions involved.

It is now settled that a cause of action such as is here declared on, arising while the carrier was under federal control, should be brought against the Director General of Railroads. *Missouri Pacific Railroad* v. *Ault*, 256 U. S. 554. *Nominski* v. *New York, New Haven & Hartford Railroad*, 239 Mass. 254. It was provided in § 10 of the Control Act (40 U. S. Sts. at Large, 451) ". . . carriers while under Federal control shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law . . ." and that "Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law." The Transportation Act, 1920, by which federal control of railroads was terminated, contained the following pertinent section: "206 (a) Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier

[under the provisions of the Federal Control Act, or of the Act of August 29, 1916] of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this Act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by State or Federal statutes but not later than two years from the date of the passage of this Act, be brought in any court which but for Federal control would have had jurisdiction of the cause of action had it arisen against such carrier." (b) "Process may be served upon any agent or officer of the carrier operating such railroad or system of transportation, if such agent or officer is authorized by law to be served with process in proceedings brought against such carrier and if a contract has been made with such carrier by or through the President for the conduct of litigation arising out of operation during Federal control." It seems clear from the language and purpose of said act that the present cause of action could have been brought originally against the defendant Davis, and in the State court. Neither by the terms of said § 206, nor by the nature of the wrong complained of, is exclusive jurisdiction given to the federal courts. *Galveston, Harrisburg & San Antonio Railway* v. *Wallace*, 223 U. S. 481. The proceeding was brought within the period prescribed, and service of process was made in accordance with the act.

The main contention of the defendants apparently is that the Transportation Act, while granting the right to sue the government for causes arising out of federal control, does not permit the substitution of the defendant Davis for the New York, New Haven and Hartford Railroad Company, by amendment. Undoubtedly Congress, when creating a right against the federal government, might have provided an exclusive remedy to be enforced in a particular way. See *Alabama & Vicksburg Railway* v. *Journey*, 257 U. S. 111; *McArthur Brothers Co.* v. *Commonwealth*, 197 Mass. 137. But the Transportation Act expressly provided that the rights therein created might be enforced in a State court. And Congress presumably intended thereby that the State court should exercise the general jurisdiction which it already possessed in hearing and

determining the civil and transitory causes of action created by the federal statute. In our opinion that statute impliedly imported into it the State practice with reference to substituting a new defendant by amendment. *Robb* v. *Connolly,* 111 U. S. 624. *Second Employers' Liability Cases,* 223 U. S. 1, 56. *Bacon* v. *George,* 206 Mass. 566. *Storm Lake Tub & Tank Factory* v. *Minneapolis & St. Louis Railroad,* 209 Fed. Rep. 895, 897. The construction of said § 206 of the Transportation Act for which the defendant contends, namely that it permits the substitution of the agent designated by the President only in suits "properly brought and pending at the termination of Federal control" seems to us unwarranted by the language of the entire act, and inconsistent with its comprehensive scope, contemplating as it does the settlement of matters arising out of Federal control, in all the States. Admittedly the decisions which it cites are not decisive. In *Bryson* v. *Great Northern Railway* (Mont.), 203 Pac. Rep. 529, the plaintiff, after judgment had been rendered against the railroad company, sought to substitute the Federal agent as defendant, and affirm the judgment as against him, without giving him a day in court. In *Tutsch* v. *Director General of Railroads* (Cal. Dist. Court of Appeal), 52 Cal. App. 650, the local statute of limitation had operated as a bar in favor of the Director General when the plaintiff sought to make him party defendant. A proposed amendment to substitute the federal agent as the sole defendant was denied as not authorized by the Maryland code, in *Atkinson* v. *Philadelphia, Baltimore & Washington Railroad,* 137 Md. 632: and as not permissible under the Alabama code in *Currie* v. *Louisville & Nashville Railroad,* 206 Ala. 402. *Neely* v. *Payne,* 126 Miss. 854, recognizes that actions under the Transportation Act should be brought against the federal agent and not against the carrier; but does not affect the question raised in the case at bar. See *Miner* v. *Payne,* 150 Minn. 103; *Payne* v. *Stockton,* 147 Ark. 598.

Finally the substitution of the defendant Davis was lawful and in accordance with the practice in this Commonwealth. The cause of action remained the same, in fact. And G. L. c. 231, § 138, expressly states. "The cause of action shall be considered to be the same for which the action was brought, if the court finds it to be the cause of action relied on by the plaintiff when the action was

commenced, however the same may be misdescribed; and the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action." *Herlihy* v. *Little,* 200 Mass. 284. *Tinkham* v. *Everson,* 219 Mass. 164. Our practice act, G. L. c. 231, § 51, provides: "The court may, at any time before final judgment, except as otherwise provided, allow amendments introducing a necessary party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or enable the defendant to make a legal defence." See also c. 231, § 54 and c. 223, § 84; *Whitcher* v. *Josslyn,* 6 Allen, 350; *McLaughlin* v. *West End Street Railway,* 186 Mass. 150; *Brooks* v. *Boston & Northern Street Railway,* 211 Mass. 277.

The motion filed by the defendant Davis to dismiss the action as against him was denied rightly. The application of the railroad company that it be dismissed from this action should be granted. It is not entitled however to a judgment in its favor, as it ceases to be a party.

*Ordered accordingly.*