JAMES KEEGAN *vs.* DIRECTOR GENERAL OF RAILROADS.

DELIA E. BACKER, administratrix, *vs.* SAME.

FREDERICK M. MURPHY, administrator, *vs.* SAME.

Hampden.    September 21, 1922. — November 27, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Federal Control of Railroad.    Transportation Act of 1920.    Jurisdiction.*

General Order 18-A of the Director General of Railroads was valid and within the power conferred by § 10 of the Federal Control Act, 40 U. S. Sts. at Large, 456. Following *Alabama & Vicksburg Railway* v. *Journey,* 257 U. S. 111.

By reason of General Order 18-A of the Director General of Railroads, promulgated on April 18, 1918, actions brought in October and November, 1919, and January, 1920, in the Superior Court in this Commonwealth to recover for conscious suffering and death, resulting from personal injuries received in 1918 and 1919 in the State of Connecticut by persons residing in that State and caused by negligence in the operation of the New York, New Haven and Hartford Railroad under federal control, must be dismissed because the United States in its sovereign capacity has not consented to be subject to the jurisdiction of the courts of this Commonwealth in such circumstances.

TORT for personal injuries received by the plaintiff while he was a passenger on the New York, New Haven and Hartford Railroad at Avon in the State of Connecticut on November 18, 1918. Writ dated November 10, 1919; also an action of

TORT by the administratrix of the estate of James E. Backer to recover under the provisions of statutes of the State of Connecticut for the causing through negligence of conscious suffering and the death of the plaintiff's intestate resulting from personal injuries received by him at Meriden in the State of Connecticut on July 29, 1918, while he was employed as a brakeman on the New York, New Haven and Hartford Railroad. Writ dated October 15, 1919; also an action of

TORT under Connecticut statutes by the administrator of the estate of Edward L. Murphy for the causing through negligence of conscious suffering and the death of the plaintiff's intestate resulting from personal injuries received by him on September 1, 1919, while he was on a public highway at a grade crossing of the New York, New Haven and Hartford Railroad. Writ dated January 26, 1920.

The defendant originally named in each of the second and third actions was the corporation, the New York, New Haven and Hartford Railroad Company. On January 5, 1922, motions were allowed therein substituting as defendant James C. Davis, the person designated as agent under the provisions of the Federal Transportation Act (1920), 41 U. S. Sts. at Large, 456, and process was issued, summoning him as such agent.

The defendant in all the actions appeared specially and filed motions to dismiss, described in the opinion.

The motions to dismiss were heard by *N. P. Brown*, J., and were denied; and, being of the opinion that such ruling raised important and substantial questions of law which ought to be determined by this court before further proceedings were had, with the consent and at the request of the parties he reported the actions for that purpose.

The Federal Transportation Act (1920), 41 U. S. Sts. at Large, 457, in § 200 (a) provided in substance that federal control of the railroads should cease on March 1, 1920; that (§ 206 a) suits thereafter brought for causes arising under federal control should be brought, after termination of federal control, "against an agent designated by the President for such purpose." Section 206 (d) reads as follows:

"Actions, suits, proceedings, and reparation claims, of the character above described pending at the termination of Federal

control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the President under subdivision (a)."

R. A. Bidwell, (G. W. Gordon & R. King with him,) for the plaintiffs.

M. G. Gonterman, for the defendant.

Rugg, C.J. The first of these actions is brought to recover damages for personal injury received in the State of Connecticut by a resident of that State while a passenger on the system of transportation commonly known as the New York, New Haven and Hartford Railroad during the period of federal control. The second action is brought by the administratrix resident in Connecticut of the estate of a deceased resident of that State to recover damages for personal injury and resultant death of the decedent, all occurring in that State during the period of federal control of the same railroad system while the deceased was working as an employee in its operation. The third action is by an administrator of a deceased resident of Connecticut to recover damages for the death of the decedent while a traveller upon a way in that State under circumstances which under a statute of Connecticut give rise to a cause of action. The first action was brought against the Director General of Railroads of the United States. Both the other actions originally were brought against the railroad corporation, but by amendment it was sought to substitute as defendant the agent of the United States designated by the President under Act of Congress approved February 28, 1920, § 206 (a); 41 U. S. Sts. at Large, 461, against whom actions should be brought after the termination of federal control.

Each action was brought in the Superior Court for our county of Hampden. Each cause of action is such that, if it had occurred and been brought against the railroad while in private ownership and control, the courts of this Commonwealth would have possessed and exercised jurisdiction over it and the parties. *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176. *Hanlan* v. *Frederick Leyland & Co. Ltd.* 223 Mass. 438, and cases there collected.

By virtue of the Act of Congress of August 29, 1916, 39 U. S. Sts. at Large, 619, 645, and the Proclamation of the President of December 26, 1917, 40 U. S. Sts. at Large, 1733, and under the

Act of Congress of March 21, 1918, c. 25, 40 U. S. Sts. at Large, 451, possession of the New York, New Haven and Hartford Railroad was taken by the Railroad Administration of the United States and supervision of it exercised by the Director General through "one control, one administration, one power for the accomplishment of the one purpose, the complete possession by governmental authority to replace for the period provided the private ownership theretofore existing." *Northern Pacific Railway* v. *North Dakota,* 250 U. S. 135, 148.

It is plain from recent decisions that none of these actions can be maintained against the railroad corporation. *Nominsky* v. *New York, New Haven & Hartford Railroad,* 239 Mass. 254. *Ætna Mills* v. *Director General of Railroads,* 242 Mass. 255. *Missouri Pacific Railroad* v. *Ault,* 256 U. S. 554. The United States through the Director General alone is liable for such actions. *Dahn* v. *Davis,* 258 U. S. 421.

The federal government, being thus in complete control of the railroad, could not be impleaded in any court of this country except to the extent and upon terms to which it has consented. *Louisiana* v. *McAdoo,* 234 U. S. 627, 629. *Kansas* v. *United States,* 204 U. S. 331. *Wells* v. *Roper,* 246 U. S. 335. *McArthur Brothers Co.* v. *Commonwealth,* 197 Mass. 137. *Public Service Commissioners* v. *New England Telephone & Telegraph Co.* 232 Mass. 465, 470. The question does not relate to the establishment of jurisdiction of the courts of this Commonwealth. It may be assumed that no act of Congress or order of a federal officer can enlarge, restrict or regulate the jurisdiction of State courts, although it may provide that certain new actions within the scope of federal power may be brought under existing jurisdiction already conferred by State laws. *Second Employers' Liability Cases,* 223 U. S. 1, 56–58. The question is whether the United States in its sovereign capacity has consented to be subject to the jurisdiction of the courts of this Commonwealth upon the facts here disclosed.

In each case, after special appearance, objection that the action was not rightly brought was seasonably made by plea in abatement and motion to dismiss. *Paige* v. *Sinclair,* 237 Mass. 482. One ground alleged was that, since the cause of action grew out of the operation of the railroad transportation system under the

Director General of Railroads by virtue of acts of the Congress of the United States and the Proclamations of the President pursuant thereto, the plaintiff could not resort to the courts of this Commonwealth for redress of the wrongs alleged for the reason that venue of action therefor was exclusively in courts within the State of Connecticut by virtue of General Order No. 18-A of the Director General of Railroads, dated April 18, 1918, that "all suits against carriers while under Federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose." The question here presented is not covered by our own decisions.

It has been expressly determined by the Supreme Court of the United States in *Alabama & Vicksburg Railway* v. *Journey*, 257 U. S. 111, that the General Order No. 18-A was valid and within the power conferred by § 10 of the Federal Control Act of March 21, 1918, c. 25; 40 U. S. Sts. at Large, 456. That decision was held to follow clearly from *Missouri Pacific Railroad* v. *Ault*, 256 U. S. 554. The circumstance that in the Journey case the cause of action arose before federal control does not affect the force of the words of that decision as to the scope and authority of General Order No. 18-A concerning venue of actions, because it was said in the opinion that the only question presented and decided was whether the State court erred in holding that General "Order No. 18 [as amended by General Order No. 18-A] exceeded the powers conferred by Congress on the President and by him on the Director General," 257 U. S. 113. The decision to the effect that the State court erred in so holding settles the point.

That decision is conclusive of the cases at bar. It relates to a matter as to which all other courts of this country are bound to be guided by the highest court of the nation. It is unnecessary to refer to the numerous decisions of State courts where a different conclusion had been reached before this authoritative declaration of the law had been made. It follows that, against the objection of the representative of the United States, none of these actions can be brought in the courts of this Commonwealth.

It becomes unnecessary to consider the other questions argued. Let the entry in each case be

*Action dismissed.*