LOUIS PHILLIPS & another *vs.* DIRECTOR GENERAL OF RAILROADS.

Bristol.    October 28, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Director General of Railroads. Jurisdiction. Practice, Civil,* Service of process, Parties, Waiver, Exceptions, Amendment.

An action against a railroad corporation was begun in a district court in 1919 for a cause which arose while the railroad was being operated by the Director General of Railroads under federal statutes and the Proclamation by the President. Thereafter and before trial, a motion

by the plaintiff to substitute as defendant the Director General of Railroads was allowed. An attorney at law, who represented the railroad corporation as the action was brought originally, then filed an appearance "specially" for the new defendant named "for the purpose of contesting jurisdiction," and also filed a motion to dismiss, which was denied. *Held,* that

(1) Such appearance was equivalent to a waiver of the issuance of process to bring the new defendant into court;

(2) The motion to dismiss rightly was denied.

The action above described afterwards was tried on the merits in the district court, the attorney who had appeared for the defendant Director General of Railroads participating therein and in the cross-examination of witnesses. There was a finding for the plaintiff and the defendant appealed to the Superior Court. In the meantime and before the trial in the district court, a new Director General of Railroads had taken office in place of the one then named as defendant. Upon the entry of the action in the Superior Court, the defendant then named moved that the action be dismissed because he was not rightly a defendant. The motion was denied. A motion to amend by making the new Director General defendant then was allowed and process was served upon him. That defendant then moved to dismiss on jurisdictional grounds and the motion was denied. *Held,* that

(1) The district court had jurisdiction although the wrong Director General was defendant at the time of trial there;

(2) A ruling by the judge of the Superior Court that "counsel was in court representing . . . [the first Director General of Railroads] generally and not specially in view of the fact that a trial was had in the district court, at which time said counsel was present and took part in the trial," to which the defendant saved no exception, became the law of the case and was not open to review;

(3) A refusal by the judge of the Superior Court to rule that the court would take judicial notice of the Proclamations of the President was error, but was not prejudicial because the parties agreed that this error should not require a new trial, and it was corrected by this court's taking notice of such matters in reaching its decision;

(4) The allowance of the motion, substituting the second Director General as defendant, was proper;

(5) The court had jurisdiction of the case against the second Director General even if it be assumed that the first Director General was not properly made a defendant.

CONTRACT, for damages resulting from the failure of a common carrier safely to transport goods. Writ in the Second District Court of Bristol dated November 29, 1919.

The proceedings in the District Court and in the Superior Court relating to parties and amendments are described in the opinion. After service upon James C. Davis as defendant, counsel appeared specially for him and filed the motion

described in the opinion, which was heard and denied by *Burns*, J., subject to exceptions by the defendant. Thereafter, the action was tried before *Lummus*, J. The defendant moved that a verdict be ordered in his favor. The motion was denied. He also asked for the following rulings:

"1. The court will judicially notice that Walker D. Hines, for whom the present defendant was substituted, represented the United States Railroad Administration only to May 18, 1920, when he resigned.

"2. Walker D. Hines was not properly made defendant in this action."

"4. The court will judicially notice that from March 28, 1921, to February 28, 1922, the agent representing the United States Railroad Administration was James C. Davis.

"5. The plaintiff is not entitled to recover against James C. Davis.

"6. The plaintiff is not entitled to recover in this action against any defendant for a cause of action arising out of government control of carriers.

"7. In view of the provisions of General Order No. 50, of the Federal Control Act, especially § 10 thereof, and of the Transportation Act, § 206, the plaintiff is not entitled to maintain the present proceeding against this defendant.

"8. The action against this defendant was not brought within two years and one day as prescribed by the terms of the bill of lading."

The rulings requested were refused. There was a verdict for the plaintiff in the sum of $691.83. The defendant alleged exceptions, stipulating "that if the court were in error in denying defendant's requests numbers 1 and 4, such denial would in no way prejudice the plaintiff nor require a new trial, but that the Supreme Judicial Court could correct the error."

*A. W. Blackman*, for the defendant.

*H. W. Radovsky*, (*D. R. Radovsky* with him,) for the plaintiffs.

RUGG, C.J. This action of contract was begun by a writ returnable to a district court, dated November 29, 1919. The New York, New Haven and Hartford Railroad Company

was named as defendant.  The cause of action set forth in the declaration was a failure to transport merchandise from Brooklyn to Fall River on or about July 3, 1919.  That was at a time when it is conceded that the railroad was under federal control pursuant to Acts of Congress and a Proclamation of the President.  On March 15, 1920, the plaintiffs filed in court a motion to substitute Walker D. Hines as Director General of Railroads in place of the corporation originally named as defendant.  That motion was allowed by the court on April 22, 1920.  At the time the action was brought, Walker D. Hines was Director General of Railroads.  40 U. S. Sts. at Large, 1922.  41 U. S. Sts. at Large, 1788.  He was designated as agent under the "Transportation Act, 1920" on March 11, 1920, 41 U. S. Sts. at Large, 1789, and continued to act until May 18, 1920, when he was replaced by John Barton Payne, 41 U.S. Sts. at Large, 1793, 1794.  Therefore, at the time this action was brought and until after the allowance of the amendment substituting his name as defendant, he was the proper person to be the defendant in such an action.

The allowance of the amendment substituting Walker D. Hines, Director General of Railroads, as defendant, in place of the railroad company, originally named as defendant, of course did not bring him in as a party.  The issuance and service of due process to bring him into court would have been necessary to make him a defendant *in invitum.*  *Cohen v. Levy,* 221 Mass. 336.  But it would not be necessary to issue process provided he appeared voluntarily.  What happened was this: The counsel of record for the original defendant filed in court a paper signed by him, in these words:  "The clerk will enter my appearance specially for the defendant for the purpose of contesting jurisdiction."  This was filed on June 20, 1921, at the time when the case was tried in the district court.  This was equivalent to a waiver of the issuance of process to bring the new defendant into court.  It was a voluntary appearance for the purpose of contesting jurisdiction.  It had the same force and effect as the due issuance and service of process upon Mr. Hines to bring him into court and a special appearance by him to

contest the jurisdiction. It would have been a vain form to appear for any other purpose when no process whatever had issued against him. No such contention has been argued.

The question, whether the Director General of Railroads could in law be substituted by an amendment for a railroad corporation originally named as defendant, was then open to doubt. It was first decided in this Commonwealth a year later in *Aetna Mills* v. *Director General of Railroads*, 242 Mass. 255. The only reason suggested now by counsel, why he should have appeared specially, is that the Director General or agent could not be brought in by amendment. That question has been decided against his contention, so far as it is within our province to decide it, by numerous decisions. We understand that in such a matter the State practice is to be followed. *Weiss* v. *Director General of Railroads*, 250 Mass. 12, and cases there collected.

The motion to dismiss for want of jurisdiction was rightly disallowed in the district court. The special appearance had no other effect than to enable Mr. Hines to raise the questions here argued. That being rightly overruled, his participation in the trial on the merits in the district court protected his every right. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414.

In the meantime, after the allowance of the amendment substituting Mr. Hines as defendant, John Barton Payne had succeeded him as agent, 41 U. S. Sts. at Large, 1793, 1794, and he in turn had been replaced on March 26, 1921, by James C. Davis, 42 U. S. Sts. at Large, 2237. When the case came on for trial in the district court on June 20, 1921, the attorney who had appeared cross-examined the witnesses called by the plaintiffs. Judgment was rendered against Mr. Hines on June 24, 1921. He appealed from this judgment and that appeal was entered in the Superior Court on the first Monday of July, 1921, by counsel who appeared specially for the purpose of contesting jurisdiction.

The special appearance in behalf of Mr. Hines was carefully limited to a contest of the jurisdiction of the court over him. The extent of that contest reached only to the power

of the court to allow an amendment substituting him for the original defendant. In this connection the circumstance that, after the allowance of that amendment but before the special appearance and the trial on the merits in the district court, Mr. Hines had gone out of office and been succeeded by another, did not affect the jurisdiction of the court over him; it merely affected the kind of judgment which the court ought to enter. The court had jurisdiction both of the cause of action and of the parties. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30. The proper way to raise the question of his nonliability by reason of having gone out of office was by plea in abatement or some other proper pleading setting forth the facts.

· When the case came on for trial in the Superior Court in March, 1923, counsel stated to the trial judge that he desired it to be noted that he appeared specially for Mr. Hines for the purpose of contesting jurisdiction, and that Mr. Hines was in no respect a representative of the United States railroad administration. The judge thereupon ruled that "counsel was in court representing Mr. Hines generally and not specially in view of the fact that a trial was had in the district court at which time said counsel was present and took part in the trial." No exception was taken to this ruling. Whatever may be said as to the correctness of that ruling, *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14, it is not open now for review. Since no exception was taken, it became the law of the case. The defendant cannot now complain of it. *Commonwealth* v. *Coughlin*, 182 Mass. 558, 563. *Boyd* v. *Taylor*, 207 Mass. 335. *United Drug Co.* v. *Cordley & Hayes*, 239 Mass. 334, 337.

When in March, 1923, the case came on for trial on the merits in the Superior Court, motion was made to substitute for Mr. Hines as defendant, "James C. Davis, Agent and Director General of Railroads, successor to Walker D. Hines," and due process issued and was served to bring him into court. He appeared specially and pleaded to the jurisdiction in various forms of words. These all amount to the single ground that he could not be brought in as a party by amendment in the circumstances disclosed. This

motion was denied.    When the case came on for trial, motion was made for a directed verdict on several grounds.

The refusal to rule that the court would take judicial notice of the Proclamations of the President was error. *West* v. *New York, New Haven & Hartford Railroad,* 233 Mass. 162, 166.    But it was agreed that this error should not require a new trial.    It has been corrected by the notice taken of those matters in this opinion.

The other grounds urged for a directed verdict were various forms of statement of the one objection to jurisdiction because he could not be made a party by amendment.    Mr. Hines was rightly made a party at the time the amendment to that end was allowed.    The allowance of the amendment substituting Mr. Davis as defendant was rightly allowed.    Act of Congress of March 3, 1923.    42 U. S. Sts. at Large, 1443.    Every point urged by the defendant is concluded against his contentions (so far as we have power to do so) by numerous recent decisions, where reasons are stated at length.    They need not be repeated. *Genga* v. *Director General of Railroads,* 243 Mass. 101, 110, 111.    *Sack* v. *Director General of Railroads,* 245 Mass. 114. *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 396.    *L. L. Cohen & Co. Inc.* v. *Director General of Railroads,* 247 Mass. 259.    *Weiss* v. *Director General of Railroads,* 250 Mass. 12, and cases there collected.

Even if it be assumed that we are wrong in holding that Mr. Hines was properly made a party defendant, we are of opinion that Mr. Davis was rightly substituted as a party defendant.    The "Transportation Act, 1920" was approved on February 28, 1920.    It provided in § 206(a) that "Actions at law . . . based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier . . . may, within the periods of limitations now prescribed by State or Federal statutes but not later than two years from the date of the passage of this Act, be brought . . . ."    This language refers to the original institution of the action and not to the bringing in of the proper agent of the government by amendment.    The action in the case at bar was seasonably begun.

It was brought against the railroad corporation according to a widely prevailing though erroneous view of the profession as to the proper defendant under the federal control. It is common knowledge that in general the Federal Government managed the railroad systems through the same officers and agents as had been employed by the corporations. There is every reason to believe that knowledge of the action came to the attention of the proper employee of the government. Indeed the same attorney has continued from the outset to represent the successive defendants. It has been held under our generous statute as to amendments, G. L. c. 231, § 51, that an amendment of a writ against a defendant personally may be allowed so as to charge him in his capacity as administrator, even though the time had expired within which an action could be commenced against him as administrator. *Hutchinson* v. *Tucker,* 124 Mass. 240. That decision goes quite as far as is required in the case at bar. *Eaton* v. *Walker,* 244 Mass. 23, 29. *Genga* v. *Director General of Railroads,* 243 Mass. 101, 104. Cases like *L'Huilier* v. *Fitchburg,* 246 Mass. 349, 352, *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13, and cases there collected. *International Paper Co.* v. *Commonwealth,* 232 Mass. 7, 10, and *Hester* v. *Brockton, ante,* 41, are distinguishable.

*Both bills of exceptions overruled.*