ALFRED I. REYNOLDS, executor, *vs.* DIRECTOR GENERAL OF RAILROADS.

Hampden.    January 11, 1927.— April 11, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Venue. Director General of Railroads. Practice, Civil,* Plea in abatement, Motion to dismiss.

Under General Order 18-A of the Director General of Railroads, a plea in abatement must be sustained to an action, entered in the Superior Court in Hampden County in this Commonwealth against the Director General by the executor, residing in the State of Vermont, of the will of one domiciled in Hampden County at the time of his death, for causing the testator's death in the State of Connecticut.

TORT for causing the death of Adelard E. Soucy at Bristol, Connecticut, on May 20, 1919. Writ dated December 12, 1919.

The defendant filed a motion to dismiss and a plea in abatement. In the Superior Court, they were heard by *Broadhurst*, J., who reported the action to this court upon the motion and the plea and an agreed statement of facts. Material facts are stated in the opinion.

The case was submitted on briefs.

*W. V. Baldwin & G. F. Leary*, for the plaintiff.

*M. G. Gonterman*, for the defendant.

CROSBY, J. This is an action to recover damages for the death of Adelard E. Soucy, which occurred when he was run into by a train on the New York, New Haven and Hartford Railroad at Bristol in the State of Connecticut, May 20, 1919, during the period of Federal control. The writ, dated December 12, 1919, was returnable to and entered in the Superior Court for Hampden County on the first Monday of February, 1920. Thereafter the defendant appeared specially and, without consenting to the jurisdiction of the court, filed a motion to dismiss and a plea in abatement alleging, in substance, that the cause of action, if any existed, arose out of and during Federal control of railroads; that the action was brought in the county of Hampden in violation of General Order No. 18-A, and for that reason could not be maintained.

It appears from the agreed facts that at the time of his decease, the testator was domiciled in Springfield in said Hampden County; that on June 19, 1919, his will was duly filed and allowed in that county and Alfred I. Reynolds was appointed executor by the Probate Court, and duly qualified; that at the time the cause of action accrued the plaintiff executor was not a resident of Hampden County but at all of said times he resided in Windsor in the State of Vermont.

Under authority of the Act of Congress of August 29, 1916, 39 U. S. Sts. at Large, c. 418, 619, 645, and the Proclamation of the President of December 26, 1917, 40 U. S. Sts. at Large, 1733, and under the Act of Congress of March 21, 1918, 40 U. S. Sts. at Large, c. 25, 451, possession and control of the New York, New Haven and Hartford Railroad had been taken by the railroad administration of the United

States, and supervision and control of it were exercised by the Director General of Railroads.

By Proclamation of the President of March 29, 1918, 40 U. S. Sts. at Large, 1763, the Director General was expressly authorized "to issue any and all orders which may in any way be found necessary and expedient in connection with the Federal control of systems of transportation," including railroads. Under the authority so given the Director General issued General Order No. 18-A which provided in part that "all suits against carriers while under Federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose." The Director General also issued General Order 50-A which provided in part as follows: "It is therefore ordered, that actions at law, . . . claim for death or injury to person, . . . arising since December 31, 1917, and growing out of the possession, use, control, or operation of any railroad or system of transportation by the Director General, . . . which action . . . but for Federal control might have been brought against the carrier company, shall be brought against the Director General of Railroads, and not otherwise . . . ."

When this action was commenced General Order No. 18-A was in effect. The action was not brought in the county or district where the cause of action arose, nor in the county or district where the plaintiff resided at the time of the accrual of the cause of action. It thus appears that it was brought in violation of the provisions of the order. The circumstances that the deceased was a resident of Hampden County at the time the cause of action accrued, and that the plaintiff was appointed executor and qualified as such in that county, are immaterial. The plaintiff sues in his capacity as executor upon a statutory cause of action arising out of the death of his testator. The statute must be construed in accordance with General Order No. 18-A and it is manifest that upon the facts here disclosed the action cannot be maintained.

The case of *Keegan* v. *Director General of Railroads*, 243 Mass. 96, was considered in connection with two other

actions against the same defendant, and it was held that none
of them could be maintained.    It was also held in those cases
that objection that the actions were not rightly brought was
seasonably made by a plea in abatement and motion to
dismiss.    The case at bar is governed in principle by those
cases, and by *Missouri Pacific Railroad* v. *Ault*, 256 U. S.
554, 556, and *Alabama & Vicksburg Railway* v. *Journey*,
257 U. S. 111.    The plea in abatement must be sustained
and the action dismissed.

*So ordered.*