RALPH H. ALEXANDER, INSURANCE COMMISSIONER OF PENNSYLVANIA *v.* R. CONTEE ROSE, ET AL.

[No. 43, January Term, 1943.]

448

*Decided March 16, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*John A. Cochran, Allers & Cochran* and *Ralph P. Dunn* submitted on brief for the appellant.

*James Morfit Mullen* for the appellees.

ADAMS, J., delivered the opinion of the Court.

On September 11, 1941, appellant (plaintiff below) as statutory liquidator of the Keystone Indemnity Exchange, an unincorporated reciprocal insurance exchange of Pennsylvania, brought suit at law against R. Contee Rose, trustee of George Arnold Frick, incompetent.

On May 18, 1933, the Keystone Indemnity Exchange was declared insolvent and dissolved pursuant to the laws of Pennsylvania, by the Court of Common Pleas of Dauphin County, Pennsylvania. On September 12, 1938, it was ordered by said court that the subscribers of said Exchange holding policies issued from April 9, 1929, to May 18, 1933, should pay an amount equal to one annual deposit premium on each of said policies, for the purpose of paying losses of said Exchange.

George Arnold Frick was alleged to have held four policies issued by the Exchange during the period in question, issued respectively on January 17, 1930, January 17, 1931, January 17, 1932, and January 17, 1933, the annual deposit premiums thereon aggregating $422.85, and it was alleged "that the estate of the Defendant's incompetent is liable to the Plaintiff" in the sum of $422.85 and interest thereon from August 15, 1940.

On October 17, 1941, defendant, R. Contee Rose, trustee, filed pleas to the declaration against him. On November 24, 1941, defendant's incompetent, George Arnold Frick, died, and on December 22, 1941, plaintiff petitioned the court, praying the court to grant a new writ of summons against R. Contee Rose, administrator of the estate of George Arnold Frick, deceased, and that said administrator be joined as a defendant in the suit.

The relief prayer was granted by the court and summons issued to be served upon R. Contee Rose, administrator of the estate of George Arnold Frick, deceased. On December 29, 1941, an amended declaration was filed naming as defendants "R. Contee Rose, Trustee of George Arnold Frick, Incompetent, and R. Contee Rose, Administrator of the estate of George Arnold Frick, deceased."

On February 6, 1942, "R. Contee Rose, Trustee," moved for judgment of "non pros" for want of replication to the pleas theretofore filed by him, and on February 26, 1942, the court ordered judgment of "non pros" entered.

On February 6, 1942, the defendant, R. Contee Rose, administrator, filed pleas to the amended declaration, among them being a plea of limitations to the effect that the alleged cause of action "did not accrue within three years before this suit." To this plea plaintiff for replication filed a common traverse and defendant administrator joined issue thereon. Subsequently, plaintiff petitioned the court for leave to withdraw his replication to said plea and file a demurrer thereto, in order that it might be determined before trial upon the merits, whether the date of institution of this action against Rose, administrator, was the date suit was originally filed against the trustee (September 11, 1941) or the date when the administrator was made a party thereto (December 22, 1941).

The case of *Wachter, Hoskins & Russell v. Taggart,* 179 Md. 608, 21 A. 2d 141, settled that a three-year period of limitation running from September 12, 1938, was applicable in these suits against policy holders and if the date of institution of the action as against the sole remaining defendant "Rose, Administrator" was December 22, 1941, the plea of limitations was a complete defense. Maryland Code, Art. 75, Sec. 41, provides that in no case of amendment can entire new parties either plaintiffs or defendants be made and Art. 75, Sec. 43, provides that "If there be a misjoinder or non-joinder

of defendants, the court may allow a defendant to be stricken out or added, as the case may require; but if a new defendant be added, he shall be summoned and *have the same time to plead as if a new action were brought against him.*" (Italics added.) As this case was originally brought against "Rose, Trustee" and "Rose, Administrator" was joined as a new defendant on December 22, 1941, and as after February 26, 1942, the action was continued against "Rose, Administrator" as sole defendant, it follows that the date of institution of this suit against "Rose, Administrator" was December 22, 1941, unless the provisions of Section 29 of Article 75 of the Code prevented the suit as originally filed, September 11, 1941, against "Rose, Trustee," from abating upon the death of George Arnold Frick.

Where a sole party defendant is not a proper party defendant, the addition of a proper defendant is in effect the supplying of a sole defendant. *Atkinson v. Philadelphia B. & W. Railroad Co.*, 137 Md. 632, 113 A. 110.

Code, Art. 75, Sec. 29, provides that "No action of ejectment, waste, partition, dower, replevin, or any personal action, including appeals from judgments rendered by justices of the peace, in any court of law in this State shall abate by the death of either or any of the parties to such action; but upon the death of any defendant, the action shall be continued and the heir, administrator or executor of the defendant, or other person interested on the part of the defendant, may appear to such action * * *."

It is clear that this statute can be invoked only in the event of the death of one of the parties to an action. Appellant relies upon the proposition that "When a lunatic dies in fact, his committee dies in law." *Cain v. Warford,* 3 Md. 454 at 462; *In re Colvin's Estate,* 3 Md. Ch. 278 at 288. The inference the court is asked to draw is that when George Arnold Frick, incompetent, died in fact, R. Contee Rose, trustee of the incompetent's estate, died within the meaning of the term "death," as used in

Section 29 of Article 75. With this contention we are unable to agree. To entitle the plaintiff to invoke the saving grace of said Section 29 it would, in our opinion, have been necessary for R. Contee Rose, trustee, the party defendant to have died in fact. It is not sufficient within the terms of the statute that the office of trustee of the incompetent's estate terminated upon the death of the incompetent.

Also, it may be questioned whether the suit against "Rose, Trustee," was properly brought in the first instance. It is well settled that the suit could have been brought against the incompetent and the decided weight of authority indicates that properly the suit should have been against the incompetent.

"At common law, it was well settled that an action lay against an insane person, whether he was or was not under guardianship. No action at law or suit in equity could be maintained against the committee or guardian." *Standard Encyclopedia of Procedure*, Vol. 13, p. 591.

"The insane person is ordinarily a proper if not indeed a necessary party defendant to an action at law involving his property or rights." *Ibidem*, p. 597.

In a suit against a lunatic, the judgment is properly entered against him, and not against his guardian. "The jurisdiction of a court of law to render judgment against a lunatic defendant, is too well settled to be now questioned, * * *." *Stigers v. Brent*, 50 Md. 214, 33 *Am. Rep.* 317.

In the case of *Penn Mutual Life Insurance Co. v. Hartle*, 165 Md. 120, 166 A. 614, 91 *A. L. R.* 1466, an action in equity for the recission of an insurance policy issued to the incompetent, it was held that the insured, though an insane person for whom a committee had been appointed, was a necessary party to a suit to rescind the policy on the ground of misrepresentation.

The case of *Funk v. Wingert*, 134 Md. 523, 107 A. 345, 346, established the following proposition: "But the committee of a *non compos* does not hold the legal title

to the property of such *non compos,* and cannot sue in his name as committee. Such a suit must still be brought in the name of the *non compos* by another, and he is under no less disability to bring suit after the appointment of a committee than he was before, the only difference being that before such appointment the suit would be by the lunatic in his own name by his next friend, and after the appointment it would be in the name of the lunatic by his committee."

In 32 *Corpus Juris* under the topic "Insane Persons" the law is stated as follows:

P. 763, Sec. 570. "At common law the rule allowing an insane person to be sued was the same after inquisition of lunacy and the appointment of a guardian or committee."

P. 765, Sec. 573. "It is generally held that in the absence of statute providing otherwise, insane persons under guardianship may be sued in law actions * * *."

P. 766, Sec. 576. "An action will not lie against the committee or guardian on a cause of action against the ward which accrued prior to the commencement of the guardianship; and generally, where the committee or guardian is regarded as a mere curator without title to the property of the lunatic, his immunity from liability to an action is recognized by the courts, and the lunatic himself is the proper person to be sued. He cannot be sued on a contract made by the ward, or on any claims against the ward, in the absence of some permissive statute."

Under Section 126 of Article 16 of the Code (1939) a proceeding might have been brought in the equity court which appointed Rose, trustee of the incompetent's estate, to subject property in the custody of the said trustee to the plaintiff's claim, but plaintiff apparently elected to sue at law.

If the suit had been instituted against the incompetent as defendant no question as to the abatement of the original suit could arise, for upon the death of the incompe-

454

tent the provisions of Code, Art. 75, Sec. 29, would have been clearly applicable and would have prevented an abatement of the action and the same could have been continued against decedent's administrator.

Our conclusion therefore is that R. Contee Rose, trustee of George Arnold Frick, incompetent, appointed by Circuit Court No. 2, and R. Contee Rose, administrator of the estate of George Arnold Frick, deceased, appointed by the Orphans' Court, are, in law, two entirely separate and distinct persons and as there is no statute applicable to prevent the abatement of the suit as originally filed against "R. Contee Rose, Trustee," the date of institution of the suit against "R. Contee Rose, Administrator," is the date he was made a party defendant, namely, December 22, 1941. *Wright v. Gilbert*, 51 Md. 146; *Keplinger v. Maccubbin*, 58 Md. 203; *Long v. Long*, 62 Md. 33, 66; *Western Union Telegraph Co. v. State, Use of Nelson*, 82 Md. 293, 33 A. 763, 31 *L. R. A.* 572, 51 *Am. St. Rep.* 464; *Fidelity & Deposit Co. v. Singer*, 94 Md. 124, 50 A. 518; *Spencer v. Baltimore & Ohio R. Co.*, 126 Md. 194, 201, 94 A. 660; *Atkinson v. Philadelphia, B. & W. R. Co.*, 137 Md. 632, 113 A. 110.

The trial court correctly ruled that defendant R. Contee Rose, administrator, was entitled to invoke the defense of limitations and under a previous decision of this court the applicable three-year period of limitation expired September 12, 1941. *Taggert, Insurance Com'r. v. Wachter*, 179 Md. 608, 21 A. 2d 141, 141 *A. L. R.* 751.

Therefore, the defense of limitations was an absolute defense and the judgment of the trial court was correct and is affirmed.

*Judgment for appellee affirmed, with costs.*